UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRADLEY A. WERNER, JR., | |
| Plaintiff, | 25-CV-1443 (LTS) |
| -against- | TRANSFER ORDER |
| THE CITY OF NEW YORK, | |
| Defendant. | |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently incarcerated at Marcy Correctional Facility (Marcy) in Oneida County, New York, brings this action *pro se*. Plaintiff asserts claims arising from several incidents of physical violence at Marcy. (ECF 1 at 7-8.) Plaintiff names the City of New York as the sole defendant, and he also includes claims arising during his detention on Rikers Island that appear to duplicate claims that he is currently litigating in this district. *See Werner v. New York County NYC*, No. 24-CV-4186 (PAE) (OTW) (S.D.N.Y.). For the following reasons, this action is transferred to the United States District Court for the Northern District of New York.

## DISCUSSION

Under the general venue provision, a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district

where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that on February 9, 2025, an incarcerated individual at Marcy "violently punched" him multiple times and that staff of the New York State Department of Corrections and Community Supervision (DOCCS) have failed to protect him from other incarcerated individuals. (ECF 1 at 7.) He further alleges that a correction officer reacted aggressively when he reported that the bathroom at Marcy was being used as a "fight club." (*Id.* at 8.) Plaintiff provides in the body of the complaint names and descriptions of individuals involved in these incidents, but he has not listed them as defendants in the caption of the complaint.

Marcy is in Oneida County, which is in the Northern District of New York. 28 U.S.C. § 112(a). Venue of these and other claims arising at Marcy is proper, under Section 1391(b)(2), in the Northern District of New York, based on where the events giving rise to the claims occurred.

Venue of some claims could be proper in this district, under Section 1391(b)(1), because the City of New York resides in this district.[1] Even if venue is proper in the district where a case is filed, however, a court may transfer the case "[f]or the convenience of parties and witnesses, in the interest of justice" to any other district where it might have been brought. 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the

---

[1] Plaintiff's claims against the City of New York in this complaint, however, likely cannot proceed as he already has a suit against the City of New York, in which he appears to be litigating the same claims arising from his detention on Rikers Island. *See Werner*, 24-CV-4186. In that suit, he alleged that during his detention in the custody of the New York City Department of Correction (DOC), from March 27, 2023, to January 4, 2024, detainees assaulted him on nine occasions, and DOC staff either witnessed the attacks and failed to protect him or returned him to housing units where they knew he was vulnerable to new attacks.

location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under Section 1404(a), transfer appears to be appropriate in this case. The underlying events for Plaintiff's cognizable claims occurred at Marcy Correctional Facility, where Plaintiff is incarcerated, and he expresses ongoing concern for his safety at that facility. It is reasonable to expect that relevant documents and witnesses for such claims would be found in the Northern District of New York. Moreover, the claims against the City of New York likely will not proceed in this action, as the claims already have been (or could be) raised in *Werner*, 24-CV-4186; at present, however, the City of New York is the only named defendant. The Northern District of New York thus appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Northern District of New York. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Northern District of New York.

Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court. This order closes the case in the Southern District of New York.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    February 24, 2025
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge