UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

BRADLEY A. WERNER, JR.,

                                **Plaintiff,**

    vs.                                           **9:25-CV-296**
                                                               **(MAD/ML)**

BENNIE THORPE, *et al.*,

                                **Defendants.**

APPEARANCES:                             OF COUNSEL:

BRADLEY A. WERNER, JR.
3492502314
Otis Bantum Correctional Center (OBCC)
16-00 Hazen Street
East Elmhurst, New York 11370
Plaintiff, *pro se*

HON. LETITIA JAMES                RACHEL OUIMET, AAG
Attorney General for the State of New York
The Capitol
Albany, New York 12224
Attorney for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

On February 14, 2025, *pro se* Plaintiff Bradley A. Werner, Jr. commenced this action

pursuant to 42 U.S.C. § 1983. *See* Dkt No. 1. In the complaint, Plaintiff asserted Eighth

Amendment excessive force and failure-to-protect claims regarding Plaintiff's treatment during

his incarceration at Marcy Correctional Facility. *See id.* Plaintiff filed an amended complaint on

April 4, 2025. *See* Dkt. No. 12. On April 14, 2025, the Court issued a Decision and Order

dismissing some claims and defendants. *See* Dkt. No. 13. Only the Eighth Amendment failure-

1

to-protect claims against Defendants Corrections Officer Robert Flint, Corrections Officer John Doe, and Facility Superintendent Bennie Thorpe ("Defendants") survived. *See id.*

On September 9, 2025, Defendants Flint and Thorpe filed a pre-answer motion for summary judgment and to dismiss, seeking dismissal of Plaintiff's claims because of Plaintiff's failure to exhaust his administrative remedies and Plaintiff's failure to state a claim upon which relief could be granted. *See* Dkt. No. 28. On September 29, 2025, Plaintiff filed an opposition. *See* Dkt. No. 32. Defendants filed a reply in further support of their motion. *See* Dkt. No. 33.

Presently before the Court is Magistrate Judge Miroslav Lovric's Report and Recommendation dated April 22, 2026, recommending that Defendants' motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 be granted. *See* Dkt. No. 34. Plaintiff did not file any objections to the Report and Recommendation. For the reasons stated below, the Report and Recommendation is adopted in its entirety.

The Court assumes the parties' familiarity with the factual and procedural background in and refers the parties to Plaintiff's amended complaint, this Court's April 14, 2025, decision, and Magistrate Judge Lovric's Report and Recommendation for a complete recitation.

In reviewing a magistrate judge's report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes specific objections to a magistrate judge's report and recommendation, the district court reviews *de novo* the issues raised in the objections. *See id.*; *Farid v. Bouey*, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008). However, when a party fails to make specific objections, the court reviews the magistrate judge's recommendations for clear error. *See O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2021); *see also Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 359 (2d Cir. 2025). As Plaintiff

has not objected to Magistrate Judge Lovric's Report and Recommendation, the Court reviews it for clear error.

Magistrate Judge Lovric recommended granting Defendants' motion for summary judgment on Plaintiff's Eighth Amendment claims because Plaintiff failed to exhaust his administrative remedies. *See* Dkt. No. at 34. The Court finds no clear error in that determination.

Magistrate Judge Lovric thoroughly discussed the legal standards applicable to a motion for summary judgment on exhaustion grounds. *See* Dkt. No. 34 at 7-13. An inmate's failure to exhaust is excusable if administrative remedies were unavailable. *See Kearney v. Gebo*, No. 9:15-CV-253, 2017 WL 61951, *2 (quoting *Ross v. Blake*, 578 U.S. 632, 635-36 (2016)). Magistrate Lovric stated, "Plaintiff appears to concede that he did not exhaust his administrative remedies," and cited Plaintiff's opposition to the motion for summary judgment. Dkt. No. 34 at 13 (citing Dkt. No. 32). Magistrate Lovric is correct. In his response to the summary judgment motion, Plaintiff alleged that there is a general practice of Marcy Correctional Facility staff making inmates' grievances "disappear," but he did not argue that Marcy Correctional staff interfered with a grievance he filed in relation to this case. Dkt. No. 32. Plaintiff did not argue he filed any grievances and Marcy Correctional Facility has no record that Plaintiff filed any grievance related to his claims in this action. *See id.*; *see also* Dkt. No. 28-4 at 20. As such, Plaintiff did not dispute Defendant's assertion that he failed to exhaust administrative remedies. *See generally* Dkt. No. 32.

As explained by Magistrate Judge Lovric, the failure to exhaust administrative remedies is excusable when ". . . an administrative procedure operates as a simple dead end . . . [when] an administrative scheme [is] so opaque that it becomes . . . incapable of use . . . [and] when prison

3

administrators thwart inmates from taking advantage of a grievance process . . . ." *Ross*, 578 U.S. at 643-44; *see also* Dkt No. 34 at 12-13.

Generally, so long as there exists a grievance procedure at a facility, and prison officials respond to submitted grievances, the administrative procedure is available, and thus, the simple dead end exception does not apply. *See Saeli v. Chautauqua Cnty.*, 36 F.4th 445, 453 (2d Cir. 2022) (citing *Hubbs v. Suffolk Cnty. Sherrif's Dep't*, 788 F.3d 54, 59 (2d Cir. 2015)). Only if officers are consistently unable or unwilling to provide any relief can an administrative procedure be unavailable. *See id.* Magistrate Lovric correctly found that this exception is inapplicable to Plaintiff's circumstance. *See* Dkt. No. 34 at 14-15. Plaintiff was instructed on how to file and appeal grievances during Marcy Correctional Facility's orientation. *See* Dkt. No. 28-4 at 6.

Magistrate Judge Lovric likewise correctly concluded that Plaintiff failed to establish the other two exceptions. As stated, Plaintiff learned about grievance processes during orientation and, separately, had access to law library materials that outlined those procedures. *See id.* at 4; s*ee also Haywood v. Fuller*, 9:18-CV-01097, 2019 WL 2442142, *1 (N.D.N.Y. June 12, 2019). Plaintiff did not allege that he was confused about the process and, even if he did, such an allegation would not in and of itself satisfy the opaqueness exception. *See* Dkt. No. 34 at 16. This Court further agrees with Magistrate Lovric's statement that Plaintiff did not argue that the facility's administrators thwarted Plaintiff's attempts to take advantage of the prison grievance process, so the third exception does not apply. *See id.* at 16-17. Thus, the Court agrees that Plaintiff has not shown that administrative remedies were unavailable to him.

Because Plaintiff did not exhaust available administrative remedies before commencing this action, and no basis has been established for excusing the exhaustion requirement, his

complaint must be dismissed.[1]  As Plaintiff did not exhaust his administrative remedies and the time to do so has passed, the complaint will be dismissed with prejudice.  *See, e.g.*, *Calderon v. Doe*, No. 20-CV-0645, 2021 WL 6278740, *6 (N.D.N.Y. Nov. 24, 2021), *R. & R. adopted*, 2022 WL 43918 (N.D.N.Y. Jan 5. 2022).

After carefully reviewing the parties' submissions, Magistrate Judge Lovric's Report and Recommendation, and the applicable law, the Court hereby

**ORDERS** that Magistrate Lovric's Report and Recommendation (Dkt. No. 34) is **ADOPTED** in its entirety for the reasons set forth herein; and the Court further

**ORDERS** that Defendants' motion for summary judgment (Dkt. No. 28.) is **GRANTED**; and the Court further

**ORDERS** that the Plaintiff's amended complaint (Dkt. No. 12) is **DISMISSED** with prejudice and without leave amend; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close the case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated:  July 1, 2026
         Albany, New York

Mae A. D'Agostino
U.S. District Judge

---

1 Magistrate Judge Lovric did not consider Defendants' motion to dismiss for failure to state a claim.  The Court agrees that it need not address that alternative ground for dismissal.  *See Weingarten v. Federal Bureau of Prisons*, No. 24-CV-6414, 2025 WL 1161524, *7 (E.D.N.Y. April 22, 2025) (declining to rule on the merits of the plaintiff's claims because administrative remedies had not been exhausted); *Cohen v. United States*, No. 23-CV-8099, 2025 WL 2611680, *9 (S.D.N.Y. Sept. 9, 2025) (same).